IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

RUDY MICIAN, et al.,

    **Plaintiffs,**

v.                                                            CIVIL NO. 2:17-cv-548

DAVID CATANZARO, et al.,

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on a Motion to Dismiss and Stay Amended Complaint filed by defendants David Catanzaro, Chris Catanzaro, HookCam, LLC, and Kuulei Holdings, Inc. (collectively, "Defendants"). In such motion, Defendants asks the Court to dismiss Counts I and V of the Amended Complaint for failure to state a claim ("Motion to Dismiss") and to stay all remaining claims pending the outcome of a related state action ("Motion to Stay"). ECF No. 22. For the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED** as to Count I and **DENIED** as to Count V; and Defendants' Motion to Stay is **DENIED**.

### I.    PROCEDURAL BACKGROUND

This action arises from a dispute between business partners. On October 19, 2017, Rudy Mician ("Mician") individually and derivatively on behalf of Pacific Systems Solutions, LLC ("PSS") (collectively, "Plaintiffs") filed a complaint against David Catanzaro ("D.C."), Chris Catanzaro ("C.C."), HookCam, LLC, and Kuulei Holdings, Inc. ("Kuulei") alleging patent infringement, trademark infringement, accounting, breach of contract, civil conspiracy, misappropriation of trade secrets, and conversion. ECF No. 1. On January 5, 2018, Defendants

1

moved to dismiss several counts of Plaintiffs' complaint and moved to stay the remaining counts pending the outcome of a related state action. ECF No. 19. On January 19, 2018, in lieu of a response, Plaintiffs filed an amended complaint ("Am. Compl."), which asserts the following claims:

- Count I – derivative action by Mician on behalf of PSS alleging direct and willful patent infringement against D.C., C.C., and HookCam, LLC;

- Count II - derivative action by Mician on behalf of PSS alleging trademark infringement against D.C., C.C., and HookCam, LLC;

- Count III – action for accounting by Mician against D.C.;

- Count IV – breach of contract claim by Mician, both individually and derivatively on behalf of PSS, against Kuulei;

- Count V - civil conspiracy claim by Mician, both individually and derivatively on behalf of PSS, against D.C. and C.C.; and

- Count VI – derivative action by Mician on behalf of PSS for damages under the Virginia Uniform Trade Secrets Act against D.C., C.C., and HookCam, LLC.

Am. Compl., ECF No. 20.

On February 2, 2018, Defendants moved to dismiss Counts I and V of the amended complaint for failure to state a claim and moved to stay the remaining counts pending the outcome of a related state action. ECF No. 22; see also Memorandum in Support ("Def. Mem."), ECF No. 23. On February 16, 2018, Plaintiffs filed a response in opposition to Defendants' motion ("Resp."). ECF No. 24. On February 22, 2018, Defendants filed their reply. ECF No. 25. Defendants' Motion to Dismiss and Stay, ECF No. 22, is now before the Court.

II. **FACTUAL BACKGROUND**

A summary of the relevant facts alleged in Plaintiffs' amended complaint follows.[1]

---

[1] On a motion to dismiss for failure to state a claim, the Court accepts the plaintiff's well-pled factual allegations as true. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

2

## The Parties

Plaintiff Mician is a citizen and resident of Florida. Am. Compl. ¶ 1. Plaintiff PSS is a Hawaii limited liability company with its principal place of business in Hawaii. Id. ¶ 2. At all times relevant to the amended complaint, Mician and defendant Kuulei have been the only members of PSS. Id. ¶ 6. Defendant Kuulei is a Hawaii corporation owned by defendant D.C. Id. ¶¶ c, 6. Kuulei is listed as the manager of PSS in PSS's Operating Agreement, but subsequent filings with the Secretary of State of Hawaii identify D.C. as the sole manager of PSS. Id. ¶ 6, n.2. Defendant HookCam, LLC is a Virginia limited liability company with its principal place of business in Henrico County, Virginia. Id. ¶ 5. Defendants D.C. and C.C. are both citizens and residents of Virginia and the only members of HookCam, LLC, each owning 50% of the company. Id. ¶¶ 3, 4, 17.

## PSS's Patented Crane Camera System

PSS and its principals have worked toward the development of a video system for use by operators of large construction cranes. Id. ¶ 7. The goal of such video system is to provide a televised image from the perspective of the crane's hook, which is often obscured from the operator's view when working on a construction site. Id. In furtherance of these efforts, PSS obtained a patent, U.S. Patent No. 7,656,459 B2, entitled "Crane Hook and Trolley Camera System," which issued on February 2, 2010 ("PSS Patent"). Id. ¶ 8. A copy of the PSS Patent is attached to the amended complaint as Exhibit A. PSS also obtained the trademark "HookCam," which was registered with the United States Patent and Trademark Office on or about May 24, 2016, under registration number 4963471 ("PSS Trademark"). A copy of the PSS Trademark is attached to amended complaint as Exhibit B.

## Mician's Role at PSS

From the inception of PSS, Mician provided services for PSS, including, without limitation, assembly of HookCam parts, installation services, and warranty work. Id. ¶ 10. At all relevant times, Mician was paid a nominal salary by or on behalf of PSS for such services. Id. ¶ 12. However, such salary payments to Mician dwindled in amount, and in late 2014, they ceased without explanation. Id. ¶ 13. Mician received no compensation from PSS for the year 2015. Id. In late 2015, Mician made a demand for an accounting for PSS from D.C., but no accounting was forthcoming. Id. ¶ 14. In March, 2016, Mician quit his salaried position with PSS. Id. ¶ 15. According to Mician, he remained a member of PSS and continued to demand an accounting. Id. Around this same time, D.C. moved the operations of PSS from Hawaii to Virginia over the objections of Mician. Id. ¶ 16.

## HookCam, LLC

On or about July 27, 2016, D.C. formed HookCam, LLC. Id. ¶¶ 5, 17. D.C. and C.C. are the only members of HookCam, each owning 50% of the company. Id. ¶ 17. The PSS Patent and PSS Trademark were never assigned or transferred to D.C., C.C., or HookCam, LLC. Id. ¶ 19. Nevertheless, "from and after the formation of HookCam, [LLC,]" D.C. and C.C. have manufactured and installed the PSS patented crane camera system for customers of PSS and others using HookCam, LLC. Id. ¶¶ 18, 26. D.C., C.C., and HookCam, LLC also "actively engaged in utilizing and duplicating the PSS Trademark in connection with the manufacture and sale of a crane camera system bearing the PSS Trademark." Id. ¶ 36.

### III. DEFENDANTS' MOTION TO DISMISS

In the first part of their motion, Defendants move to dismiss Count I (patent infringement) and Count V (civil conspiracy) of the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") for failure to state a claim.

## A. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss for failure to state a claim should be granted if it appears that the plaintiff is not "entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." Harrison v. United States Postal Serv., 840 F.2d 1149, 1152 (4th Cir. 1988) (citation omitted). To survive a motion to dismiss, the facts alleged in the complaint "must be enough to raise a right to relief above a speculative level" and must be sufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547.

In resolving a Rule 12(b)(6) motion, the court must assume the truth of all facts alleged in the complaint and construe the factual allegations in favor of the non-moving party. Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009). However, the court is not bound by the complaint's legal conclusions. Id. In addition, the court may consider the complaint's attachments as well as documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007). The court may also take judicial notice of items in the public record, Hall v. Virginia, 385 F.3d 421, 424 n.3 (4th Cir. 2004), including patent and trademark registrations, Zinner v. Olenych, 108 F. Supp. 3d 369, 377 n.2 (E.D. Va. 2015).

Here, Defendants move to dismiss, inter alia, a claim of patent infringement. "A motion to dismiss for failure to state a claim upon which relief can be granted is not a procedural matter implicating unique issues of patent law, and thus the law of the Federal Circuit is not controlling." Taltwell, LLC v. Zonet USA Corp., No. 3:07cv543, 2007 WL 4562874, at *13 (E.D. Va. Dec. 20, 2007) (citing McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1355–56 (Fed. Cir. 2007)). The Fourth Circuit has yet to address the pleading standard for patent claims in light

of Twombly and Iqbal, and the decisions of this Court have varied on the issue in the past.[2] However, it is clear that a claim for patent infringement must, at a minimum, set forth "sufficient factual allegations and plausibility of those allegations" to survive a motion to dismiss. Bel IP LLC v. Boomerangit Inc., No. 2:11cv188, 2011 WL 13228482, at *5 (E.D. Va. Sept. 27, 2011).

### B. COUNT I: PATENT INFRINGEMENT

Defendants argue that Count I of the Amended Complaint should be dismissed for failure to state a plausible claim of patent infringement. In support, Defendants rely heavily on this Court's decision in Asghari-Kamrani v. United Servs. Auto. Ass'n ("USAA"), No. 2:15cv478, 2016 WL 1253533 (E.D. Va. Mar. 22, 2016), to argue that Plaintiffs' claim of patent infringement lacks the necessary specificity as to which aspects of Defendants' devices infringe which patent claims, and how, and therefore the claim "denies Defendants a full and fair opportunity to defend themselves." ECF No. 23 at 9. The Court agrees.

Count I of Plaintiffs' amended complaint alleges that D.C., C.C., and HookCam, LLC have willfully infringed Claims 1, 2, 3, 5, 7, 8, 9, 10 and 11 of the PSS Patent through their "manufacture and sale of a crane camera system, which is virtually identical to the device previously manufactured and sold by PSS which device is described and protected by the PSS Patent." Am. Compl. ¶¶ 26–27. But Plaintiffs do not describe the offending device or state how such device infringes each of the nine asserted patent claims.

In USAA, this Court found that the plaintiff in that case failed to plead its patent infringement claim with sufficient particularity because the plaintiff (1) failed to specify which

---

[2] Compare Adiscov, LLC v. Autonomy Corp., 762 F. Supp. 2d 826, 829 (E.D. Va. 2011) (applying McZeal, to require, inter alia, general descriptions of the means by which the patent was infringed and identification of the specific areas of patent law that are implicated) with W.L. Gore & Assocs., Inc. v. Medtronic, Inc., 778 F. Supp. 2d 667, 675 (E.D. Va. 2011) (mere compliance with Form 18 of the Appendix of the Federal Rules of Civil Procedure is sufficient to state a claim for patent infringement). Notably, Form 18 has since been abrogated, effective December 1, 2015.

elements of USAA's website corresponded to which critical feature of the asserted patent claims; (2) failed to identify with sufficient particularly how each allegedly infringing element of USAA's website infringed the patent; and (3) failed to identify how USAA's website infringed each of the patents claims asserted in the complaint. USAA, 2016 WL 1253533, at *4.

Here, Plaintiffs' claim for patent infringement is similarly deficient. The amended complaint states, in conclusory fashion, that Defendants' offending device is virtually identical to PSS's patented device but fails to identify the features they allegedly have in common. Furthermore, the amended complaint alleges that the offending device infringes nine of the eleven claims of the PSS patent, but it fails to identify which elements of such device correspond with which limitations, if any, in the asserted claims. This is particularly problematic given that many such claims, including Claims 1–3, include numerous limitations as part of one claim.

Count I is also deficient because Plaintiffs have not set forth a plausible theory of direct patent infringement (e.g., literal infringement or infringement by doctrine of equivalents), which is required to put Defendants on notice of what is claimed and how to defend themselves. See Macronix Int'l Co. v. Spansion Inc., 4 F. Supp. 3d 797, 804 (E.D. Va. 2014) (dismissing the first amended complaint ("FAC") where it was not clear "what is alleged to be literally infringed and what is alleged to be infringed by equivalents" and where it failed to allege "how the offending products [infringed] the claims recited in the FAC"); Jenkins v. LogicMark, LLC, No. 3:16cv751, 2017 WL 376154, at *3 (E.D. Va. Jan. 25, 2017) (dismissing a claim for direct patent infringement where such claim did "not identify with any particularity how each allegedly infringing feature of the accused products infringes any of the named patents, either literally or under the doctrine of equivalents."). By failing to set forth the general means by which the asserted patent is infringed, Plaintiffs have failed to state a plausible claim for patent

7

infringement.

For these reasons, the Court **FINDS** that Count I of the amended complaint fails to state a claim for patent infringement and therefore **DISMISSES** same without prejudice. Plaintiffs shall have thirty (30) days from the date of this Order to amend Count I.

### C. COUNT V: CIVIL CONSPIRACY

Defendants also move to dismiss Count V of Plaintiff's amended complaint, which alleges civil conspiracy against D.C. and C.C. See ECF No. 23 at 12. Defendants' main argument for dismissing Count V is that it is barred by the intracorporate immunity doctrine. Defendants also argue that Count V is preempted by federal patent law. Id. For the reasons below, Defendants' motion to dismiss Count V is granted, in part, and denied, in part.

#### 1. Applicable Law

Under Virginia law, "[a] common law conspiracy consists of two or more persons combined to accomplish, by some concerted action, some criminal or unlawful purpose or some lawful purpose by a criminal or unlawful means." The Country Vintner, Inc. v. Louis Latour, Inc., 272 Va. 402, 412 (2006) (internal citations omitted). The Virginia Supreme Court has explained that a claim for civil conspiracy "'must at least allege an unlawful act or an unlawful purpose' to survive demurrer." Dunlap v. Cottman Transmission Sys., LLC, 287 Va. 207, 215–16 (2014) (quoting Hechler Chevrolet, Inc. v. General Motors Corp., 230 Va. 396, 402 (1985)); see also Werth v. Fire Companies' Adjustment Bureau, 160 Va. 845, 855 (1933) ("To give action there must not only be conspiracy, but conspiracy to do a wrongful act.") "In other words, actions for common law civil conspiracy . . . lie only if a plaintiff sustains damages as a result of an act that is itself wrongful or tortious." Dunlap, 287 Va. at 215. Because "[t]he object of a civil conspiracy claim is to spread liability to persons other than the primary tortfeasor[,] . . . 'a common law claim of civil conspiracy generally requires proof that the underlying tort was

committed.'" Gelber v. Glock, 293 Va. 497, 534 (2017) (quoting Almy v. Grisham, 273 Va. 68, 80 (2007)).

### 2. Discussion

Plaintiffs allege the following facts in support of their civil conspiracy claim:

> 62. DAVID and CHRIS conspired to take over the assets and the business of PSS and misrepresent the proprietary interests of PSS as their own.
>
> 63. As part of the conspiracy, DAVID and CHRIS formed HOOKCAM [LLC] as a vehicle to market PSS's patented crane camera system.
>
> 64. Acting in concert, DAVID and CHRIS manufacture and sell PSS's patented crane camera system under cover of the PSS Trademark misrepresenting to customers of PSS and to the general public that the conspirators have a legal right to manufacture and sell the crane system protected by the PSS Patent.
>
> 65. DAVID and CHRIS have wrongfully misappropriated customer lists, supplies and product belonging to PSS and wrongfully do business as "HookCam", all to the exclusion of PSS and MICIAN.
>
> 66. As a direct and proximate result of the concerted wrongful and willful conduct of DAVID and CHRIS, MICIAN and PSS have been damaged.

Am. Compl. ¶ 62–66. Based on the above, Plaintiffs allege three underlying wrongful acts or torts as the basis of their conspiracy claim: (1) trademark infringement; (2) patent infringement; and (3) misappropriation of certain PSS property.

Defendants first argue that Count V is barred by the intracorporate immunity doctrine, which provides that a single entity, like a corporation, cannot conspire with itself because a conspiracy requires two or more persons. See Fox v. Deese, 234 Va. 412, 428 (1987). Such doctrine also provides that a conspiracy action cannot lie where a principal and its agent, or two agents of the same principal, are alleged to conspire with one another. See Charles E. Brauer Co. v. Nations Bank of Virginia, N.A., 251 Va. 28, 36 (1996); Saleh v. Univ. of Virginia, No. 3:97cv460, 1999 WL 34798179, at *19 (E.D. Va. Feb. 25, 1999), aff'd sub nom. Saleh v. Upadhyay, 11 F. App'x 241 (4th Cir. 2001) ("[I]f the putative conspirators all are employed by

the same entity there is but one actor and hence the predicate for a conspiracy claim—a combination of two or more persons—fails as a matter of law.").

Defendants argue that because D.C. and C.C. are alleged to be members of HookCam, LLC, and because all of their alleged conspiratorial acts were done on behalf of HookCam, LLC in their capacity as its members, Plaintiffs' civil conspiracy claim cannot lie. ECF No. 23 at 12. Plaintiffs respond that the intracorporate immunity doctrine does not apply here because the amended complaint merely alleges that D.C. and C.C. are "members" of HookCam, LLC, not that they acted as its "agents." ECF No. 24 at 7 (citing Fortress Holdings II, LLC v. Patty, 95 Va. Cir. 402, 2017 Va. Cir. LEXIS 85 (Va. Cir. Ct. April 27, 2017)).

As a threshold matter, the Court agrees with Defendants that the immunity granted under this doctrine cannot be destroyed merely by suing agents of the same principal individually. Buschi v. Kirven, 775 F.2d 1240, 1252 (4th Cir. 1985). As long as such agents are alleged to have acted within the scope of their corporate duties when committing the alleged conspiracy, the intracorporate immunity doctrine will bar the claim. Id. at 1252–53; see Fox, 234 Va. at 428 (for two employees to constitute "one entity" for purposes of the doctrine, the employees must have been "acting within the scope of their employment").[3]

However, in this case, when construing Count V in the light most favorable to the Plaintiffs, the claim clearly alleges that D.C. and C.C. hatched their conspiracy before HookCam, LLC was formed. Indeed, Count V alleges that the reason D.C. and C.C. formed HookCam,

---

[3] Along these lines, the Fourth Circuit has recognized two exceptions to the intracorporate immunity doctrine: (1) the ultra vires ("unauthorized acts") exception and (2) the "personal stake" exception established in Greenville Publishing Company, Inc. v. Daily Reflector, Inc., 496 F. 2d 391, 399 (4th Cir. 1974) ("[A]n exception may be justified when the officer has an independent personal stake in achieving the corporation's illegal objective."). See Saleh, 1999 WL 34798179, at *20; see also Veney v. Ojeda, 321 F. Supp. 2d 733, 748 (E.D. Va. 2004) (noting these two exceptions to the doctrine). The Virginia Supreme Court has not adopted the "personal stake" exception. Hiers v. Cave Hill Corp., 51 Va. Cir. 208 (2008); see also Phoenix Renovation Corp. v. Rodriguez, 461 F. Supp. 2d 411, 429 (E.D. Va. 2006). However, the Fox decision suggests that it recognizes the ultra vires exception. Fox, 234 Va. at 428.

LLC was to further the goals of their conspiracy, namely, to market and sell PSS's patented crane system while passing off the invention and associated PSS Trademark as their own. In other words, Count V alleges that D.C. and C.C. acted in their individual capacities when they conspired to form HookCam, LLC with such unlawful design. While Defendants may be correct that, in substance, Count V alleges HookCam, LLC to be the primary tortfeasor, the claim alleges sufficient facts to suggest that D.C. and C.C., in their individual capacities, fomented the alleged conspiracy and formed HookCam, LLC to accomplish their aims. For this reason, the Court finds that the intracorporate immunity doctrine does not bar Count V at this stage.

### 3. Preemption

Next, Defendants briefly argue that Count V fails to state a claim of conspiracy to infringe a patent because such claim is preempted by federal patent law.[4] ECF No. 23 at 13. Whether a conspiracy to infringe claim is preempted by federal patent law is controlled by Federal Circuit precedent. See Midwest Indus., Inc. v. Karavan Trailers, Inc., 175 F.3d 1356, 1360–61 (Fed. Cir. 1999), abrogated on other grounds by TrafFix Devices, Inc. v. Mktg. Displays, Inc., 532 U.S. 23, 28 (2001). The Federal Circuit has not yet decided this preemption question, but it has acknowledged that conspiracy to infringe a patent "has no basis" in federal patent law. Int'l Rectifier Corp. v. Samsung Elecs. Co., 361 F.3d 1355, 1361 (Fed. Cir. 2004). Furthermore, this Court has previously noted in dicta that a Virginia common law claim of conspiracy to infringe a patent would likely be preempted by federal patent law. Cognitronics Imaging Sys., Inc. v. Recognition Research Inc., 83 F. Supp. 2d 689, 699 n.15 (E.D. Va. 2000).

Regardless, the Court finds that it need not reach the preemption issue raised by Defendants at this time. As noted previously, "[a] common law claim of civil conspiracy

---

[4] Plaintiffs failed to respond to this argument in their opposition brief. ECF No. 24.

generally requires proof that the underlying tort was committed." Almy, 273 Va. at 80. Accordingly, to the extent Count V alleges conspiracy to infringe the PSS Patent, such claim must be dismissed because Plaintiffs' underlying claim of patent infringement has already been dismissed by this Court for failure to state a claim. See Tire Engineering and Distribution, LLC v. Shandong Linglong Rubber, Co., 682 F.3d 292, 311 (4th Cir. 2012) (dismissing Virginia common law claim of conspiracy to infringe trademark because, "[i]f the underlying tort is dismissed for any reason, so, too, must the corresponding conspiracy claim be dismissed") (citing Almay, 273 Va. at 80). Therefore, Defendants' motion to dismiss Count V is **GRANTED** insofar as Count V alleges conspiracy to infringe the PSS Patent, but such motion is **DENIED** in all other respects. Should Plaintiffs wish to amend Count V, they must do so within thirty (30) days of the date hereof.

## IV. MOTION TO STAY

In the second part of their motion, Defendants move to stay all remaining claims pending the litigation of a related state court action in Hawaii pursuant to the abstention doctrine established in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).[5] For the reasons below, Defendants' Motion to Stay is denied.

### A. APPLICABLE LAW

In Colorado River, the Supreme Court held that a federal district court has discretion to abstain from exercising jurisdiction over an action where a parallel action is pending in state court "for reasons of wise judicial administration." 424 U.S. at 818. However, this abstention doctrine "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a

---

[5] "For purposes of Colorado River abstention, the distinction between a dismissal and a stay is somewhat artificial. The Supreme Court has noted that in this context 'a stay is as much a refusal to exercise federal jurisdiction as a dismissal.'" Jackson Hewitt, Inc. v. J2 Fin. Servs., Inc., 901 F. Supp. 1061, 1064 (E.D. Va. 1995) (quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28 (1982)).

12

controversy properly before it" and must be applied "only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." Great Am. Ins. Co. v. Gross, 468 F.3d 199, 207 (4th Cir. 2006) (quoting Colorado River, 424 U.S. at 813).

"The threshold question in deciding whether Colorado River abstention is appropriate is whether there are parallel federal and state suits." Gross, 468 F.3d at 207. The Fourth Circuit has "strictly construed the requirement of parallel federal and state suits, requiring that the parties involved be almost identical." Id. at 208. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." Id. (quoting Chase Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457, 464 (4th Cir. 2005)). "State and federal claims arising out of the same factual circumstances do not qualify as parallel if they differ in scope or involve different remedies." vonRosenberg v. Lawrence, 849 F.3d 163, 168 (4th Cir. 2017).

In the event a district court determines that the federal and state actions are parallel for these purposes, the court must still weigh six factors before determining that abstention under Colorado River is appropriate. Id. These factors include:

> (1) whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

Id. (quoting Chase Brexton, 411 F.3d at 463–64). The court muss assess these factors "holistically, 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" Id. (citation omitted).

B. DISCUSSION

In this case, Defendants argue that Colorado River abstention is appropriate because the

13

success of Mician's derivative claims on behalf of PSS, including Counts I, II, VI, V, and VI of the amended complaint, depend on whether Mician was a member of PSS at certain relevant times, which is a question currently being litigated in a related state court action. ECF No. 23 at 16. In support, Defendants attach the declaration of Stephanie E.W. Thompson, who avers that she is counsel for PSS and Kuulei in an action filed against Mician in the First Circuit Court in Honolulu, Hawaii, Civil Action No. 16-1-1508 ("Hawaii Action"). See Ex. D to Def. Mem., ECF No. 23-4, ¶ 2. Copies of the complaint in the Hawaii Action and Mician's answer thereto are attached to Ms. Thompson's declaration as Exhibits 1 and 2. See id. ¶¶ 3–4; id. at 4–18. PSS and Kuulei allege in the Hawaii Complaint that Mician renounced his membership interest in PSS on March 22, 2016. Id. at 8. However, Mician denies this allegation in his answer to the Hawaii Complaint, id. at 13, and contends in his affirmative defenses that he retains his membership interest in PSS, id. at 14–15. Defendants in the instant case claim that, if PSS and Kuulei prevail on the PSS-membership issue in the Hawaii Action, "Mician will lack standing to pursue any derivative claims on behalf of PSS" in the instant case. ECF No. 23 at 17. Defendants also argue that this same membership issue impacts the viability of certain individual claims by Mician, including his claims for breach of contract and accounting. Id. In sum, because the majority of Plaintiffs' claims will purportedly "rise and fall based on the outcome of the Hawaii state court action," Defendants argue that abstention under Colorado River is appropriate when balancing all of the relevant factors. Id.

The first issue before the Court is whether the instant case and the Hawaii Action are parallel actions as required for abstention under Colorado River. The Court finds that they are not. While the actions have some parties in common (i.e., PSS, Kuulei, and Mician), the instant case involves persons and entities not named in the Hawaii Action, including HookCam, LLC,

David Cantazaro, and Chris Cantazaro. More importantly, the two actions differ substantially in scope. In the Hawaii Action, Kuulei brings derivative actions against Mician on behalf of PSS for breach of the PSS operating agreement (Count I), conversion (Count II), and breach of fiduciary duty (Count III). ECF No. 23-4 at 4–12. The Hawaii complaint does not allege any claims of patent or trademark infringement, nor does it involve the PSS Patent, PSS Trademark, or HookCam, LLC, all of which are at issue (or potentially at issue) in the instant case. Id. Finally, the Hawaii Action primarily seeks injunctive relief, while the instant case primarily seeks damages. Therefore, the two actions are not sufficiently duplicative as required to satisfy the narrow standard for abstention under Colorado River. For this reason alone, Defendants' Motion to Stay must be denied.

Additionally, even if the two actions were parallel, the six factors set forth above would not weigh in favor of abstention in this case. Defendants admit that the first and second factors do not apply here. ECF No. 23 at 18 n.4. As to the third factor, the Court finds that a stay would not prevent piecemeal litigation because the instant case involves potential patent and trademark infringement claims that are not at issue in the Hawaii action. Furthermore, discovery in the instant case will necessarily encompass a broader time period, including the alleged formation of HookCam, LLC in July, 2016, and its activities thereafter.

As to the remaining factors, the Court finds that they, too, weigh against granting a stay in this case. Even though the Hawaii Action was filed first in time and is further along in the litigation, it will not resolve many of the claims raised in the instant case, as noted above. Furthermore, this Court, which sits in Virginia, is in better position to adjudicate the claims involving the Virginia defendants, HookCam, LLC, D.C., and C.C, as well as questions of Virginia law, which allegedly applies to Count V (if successfully amended) and Count VI. Cf.

Jackson Hewitt, 901 F. Supp. at 1068. Finally, although the PSS-membership issue may be critical to the resolution of both actions, Defendants are not impaired from raising it as a defense in this action wherever appropriate.

In sum, the Court finds that this case does not present the exceptional circumstances necessary for this Court to abdicate its duty to "adjudicate a controversy properly before it." Colorado River, 424 U.S. at 813. Therefore, Defendant's Motion to Stay is **DENIED**.

### V. CONCLUSION

For the reasons stated herein, with respect to Defendants' Motion to Dismiss and Stay, ECF No. 22, the Court hereby **ORDERS** as follows:

1. Defendants' motion to dismiss Count I of the amended complaint for failure to state a claim is **GRANTED**, and such claim is hereby **DISMISSED WITHOUT PREJUDICE**.

2. Defendants' motion to dismiss Count V of the amended complaint for failure to state a claim is **GRANTED, IN PART,** and **DENIED, IN PART** as follows: To the extent that Count V alleges civil conspiracy to infringe the PSS Patent, such claim is **DISMISSED WITHOUT PREJUDICE**.

3. Defendants' Motion to Stay all remaining claims is **DENIED**.

4. If Plaintiffs wish to amend Counts I and V, they must do so within **THIRTY (30) DAYS** of the date hereof.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
June 12, 2018

16